d

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| SINA ESMAELI #A246-792-070,<br>Plaintiff | CIVIL DOCKET NO. 1:24-CV-01755<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| UNKNOWN DEFENDANTS,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court in this stayed matter is a Motion to Appoint Counsel (ECF No. 1, 21) filed by Plaintiff proceeding pro se. Plaintiff references an alleged mental illness and repeated requests for transfer. For the following reasons, the Motion is hereby DENIED.

A civil litigant does not have a right to appointed counsel. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007)). *Jackson v. Cain*, F.2d 1235, 1242 (5th Cir. 1989). Rather, "'appointed counsel in a civil case is a privilege . . . allowed only in exceptional cases." *Romero v. Barr*, No. 6:20-CV-00789, 2020 WL 3928269, at *1 (W.D. La. July 10, 2020). More particularly, "the power to appoint counsel is a power of last resort, and even where exceptional circumstances warrant appointment, [a] [c]ourt must first exhaust all other options." *Naquin v. Saint Ann's Hosp./Ochsner*, No. CV 21-1099, 2022 WL 1748424, at *1 (E.D. La. May 31, 2022).

1

However, in some cases, a court may appoint counsel to represent pro se civil litigants. *See* 28 U.S.C. § 1915(e)(1). A court also has inherent authority to appoint counsel. *Naranjo v. Thompson*, 809 F.3d 793, 802 (5th Cir. 2015).

Appointment requires that a civil litigant establish both (1) that any disputed "claims meet a threshold level of plausibility," and (2) that the lawsuit presents "exceptional circumstances." *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015). In making this determination, a court must consider the "*Ulmer* factors," which include: "'(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.'" *Delaughter v. Woodall*, 909 F.3d 130, 140–41 (5th Cir. 2018) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

☒ Plaintiff has not demonstrated that exceptional circumstances warrant the appointment of counsel, because on the present record, this case:

☒ is not one in which Plaintiff has demonstrated inability to employ counsel;

☒ is not unusual, particularly complex, or technical;

☒ is not one in which Plaintiff is unable to investigate or prosecute the case;

☒ would not necessarily require either proof consisting mostly of conflicting testimony, and would not otherwise require skill in presentation or cross examination;

☒ would not require the ability to draft and file pleadings exceeding those ordinarily required and/or already demonstrated by Plaintiff; and/or

☒ does not otherwise present exceptional circumstances.

☐ Plaintiff has demonstrated that exceptional circumstances warrant the appointment of counsel, because, on the present record, the case:

☐ is unusual;

☐ is particularly complex;

☐ would be unusually difficult to investigate or prosecute;

☐ would require the ability to draft and file pleadings exceeding those ordinarily required and/or already demonstrated by Plaintiff;

☐ would require proof largely by conflicting testimony or otherwise require skill in presentation or cross examination;

☐ is one in which the appointment of counsel would particularly benefit the Court and the parties by shortening the trial and assisting in a just determination, and/or

☐ otherwise presents exceptional circumstances.

Accordingly, Plaintiff's Motion to Appoint Counsel (ECF No. 1, 21) is hereby DENIED.

SIGNED on Wednesday, June 4, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

3